[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15122
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00026-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL AARON JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 6, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Aaron Johnson appeals his 78-month total sentence, imposed

following his guilty plea to theft of firearms from a federal licensee, in violation of

18 U.S.C. §§ 922(u), 924 (a)(1), and 2; possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and 2; and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The offense involved the burglary of a pawn shop, during which Johnson and his codefendants stole several firearms.  Johnson argues on appeal that the four-level enhancement under U.S.S.G. § 2K2.1(b)(6), for possession of a firearm "in connection with" another felony, is appropriate only where there is proof that the firearm facilitated the other felony.  Thus, he argues, the district court erroneously applied § 2K2.1(b)(6) in his case, because the government failed to prove that his possession of the firearm facilitated another offense.  Johnson concedes in his responsive brief that the issue has been resolved by an amendment to the Guidelines.

We review a district court's application and interpretation of the Guidelines *de novo*, and its factual findings for clear error.  *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002).

Subsection 2K2.1(b)(6) of the Guidelines states that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase [the base offense level by] 4 levels . . . ."  In *United States v. Rhind*, we held that the phrase, "in connection with," does not require that the firearm

facilitate the underlying offense. *Rhind*, 289 F.3d at 695. In order to resolve a circuit conflict pertaining to the application of U.S.S.G. § 2K2.1(b)(6), specifically with respect to the use of a firearm "in connection with" a burglary offense, the Sentencing Commission promulgated Amendment 691in 2006, noting that the application of U.S.S.G. § 2K2.1(b)(6) is warranted in the case of a burglary "because of the potential that the presence of the firearm has for facilitating another felony offense . . . ." U.S.S.G. App. C, Amend. 691. Subsection 2K2.1(b)(6) now applies "in a case in which a defendant, who during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1, comment. (n.14(B)). The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ." *Id*. at comment. (n.14(A)). For the purposes of this enhancement, "another felony offense" is defined as "any federal, state, or local offense, other than the . . . firearms possession or trafficking offense . . . regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* at comment. (n.14(C)).

The U.S.S.G. § 2K2.1(b)(6) enhancement was correctly applied in this case, because under Amendment 691, the enhancement required only that the presence

of the firearm had the potential of facilitating the burglary. U.S.S.G. § 2K2.1, comment. (n.14(B)). Accordingly, we affirm Johnson's total sentence.

**AFFIRMED.**